**Paul M. Black**
**Bankruptcy Judge, Western District of Virginia**

**Dated: May 3rd, 2022**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| CITIZENS CONSERVATION CORPS INC. | CASE NO. 19-50058 |
| Debtor. | |
| ROBERT L. JOHNS, TRUSTEE | |
| Plaintiff, | |
| v. | Adv. Proc. No. 21-05000 |
| ROBERT MARTIN | |
| Defendant. | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion for summary judgment filed by the plaintiff, Robert L. Johns, Trustee (the "Trustee") against the Defendant, Robert Martin ("Martin"). The motion for summary judgment is unopposed, and the Court will grant the motion based on the submissions made in support of the motion.[1]

---

[1] The Court is ruling on the motion and briefs without oral argument. On April 19, 2022 the Court asked its law clerk to email both counsel for the Trustee and counsel for Martin. The Court specifically inquired, in part, as follows: "I would appreciate it if you could let me know if the parties believe oral argument is necessary on the motion for summary judgment or whether you would like it decided on the filing(s). The pre-trial order stated that a hearing would be scheduled upon consultation with the parties if any such dispositive motions were filed. I look forward to hearing back from you." Neither counsel replied.

## FACTUAL BACKGROUND

The pertinent facts are uncontested. On April 3, 2019 (the "Petition Date"), a voluntary petition for relief under Chapter 11 of the Bankruptcy Code was filed by the Debtor, Citizens Conservation Corps Inc. (the "Debtor") in the Southern District of West Virginia. Martin is the sole owner of the Debtor. After a motion to dismiss the case was filed by the Office of the United States Trustee, the case was converted with the Debtor's consent to one under Chapter 7 of the Bankruptcy Code.

The Debtor recorded the following transfers to Martin:

|  | Date | Amount |
|---|---|---|
| 1. Check No. *Unknown* | April 1, 2019 | $ 5,000.00 |
| 2. Check No. *Unknown* | April 3, 2019 | $ 5,000.00 |
| 3. Check No. 58173 | May 10, 2019 | $10,000.00 |
| 4. Check No. 58172 | May 13, 2019 | $ 5,000.00 |
| 5. Check No. 58311 | May 14, 2019 | $ 5,000.00 |
| 6. Check No. 58309 | May 14, 2019 | $ 5,000.00 |
| 7. Check No. 58312 | May 22, 2019 | $ 5,000.00 |
| 8. Check No. 58327 | May 22, 2019 | $ 2,072.76 |
| **Total** |  | **$ 42,072.76** |

Complaint, ¶ 13. The Trustee asserts that the transfers were made for the benefit of the Defendant, after the Petition Date, and without Court authorization.[2]

---

[2] The Trustee further argues that the Debtor was insolvent at the time the transfers were made, and that the transfers allowed Martin to receive more than he would in a Chapter 7 liquidation under the Code. This is not a preference case under 11 U.S.C. Section 547(b), so these allegations are neither relevant nor persuasive under 11 U.S.C. Section 549.

## JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and 157(a). The Court concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(E) and (O). Venue is proper pursuant to 28 U.S.C. § 1409.

## CONCLUSIONS OF LAW

I. Applicable Law on Summary Judgment

Federal Rule of Civil Procedure 56, applicable in adversary proceedings through Federal Rule of Bankruptcy Procedure 7056, states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When a party has submitted sufficient evidence to support its request for summary judgment, the burden shifts to the nonmoving party to show that there are genuine issues of material fact." *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). Here, Martin has submitted nothing in response to the Trustee's motion. It is not contested at all. Nevertheless, the Fourth Circuit has held that "'[a]lthough the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion,' the [trial] court must still proceed with the facts it has before it and determine whether the moving party is entitled to judgment as a matter of law based on those uncontroverted facts." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 409 n.8 (4th Cir. 2010) (citing *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)).

II.　　Application of Section 549

11 U.S.C. Section 549 of the Bankruptcy Code states, in relevant part, that "the trustee may avoid a transfer of property of the estate . . . that occurs after the commencement of the case; and . . . that is not authorized under this title or by the court." 11 U.S.C. § 549(a). As explained by the Fourth Circuit in *In re Merry-Go-Round Enters., Inc.*, 400 F.3d 219, 224-25 (4th Cir. 2005), "'transfer' is defined broadly as 'every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property.'" Moreover, Section 550 of the Bankruptcy Code provides that "to the extent that a transfer is avoided under section . . . 549 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property" from, among others, the initial transferee of such transfer. 11 U.S.C. § 550(a).

As to the specifics of Section 549, the Trustee must prove four elements to satisfy its burden: "(1) a transfer, (2) of property of the estate, (3) made after commencement of the case, and (4) that is not authorized under the Bankruptcy Code or by the bankruptcy court." *In re Merry-Go-Round Enters.*, 400 F.3d at 224; *see also In re Forest Cap., LLC*, 579 B.R. 56, 61 (Bankr. D. Md. 2017). Here, the Trustee has met the test to satisfy the requirements of Section 549 for most of the transfers. Martin admitted in his answer that the Debtor made to him each of the transfers identified in the chart above, which is taken directly from the allegations of the Complaint. Complaint, ¶ 13; Answer, ¶ 13. Martin further admits he did not obtain court approval for the transfers alleged in the Complaint. Complaint, ¶ 20; Answer, ¶ 20. Absent Court approval, Martin has not asserted any provision of the Bankruptcy Code that otherwise authorized the transfers. The Trustee's affidavit contends nothing permitted such approvals.

Further, most of the transfers appear to have occurred post-petition. While the Petition Date was April 3, 2019, two of the checks, each for $5,000.00, were dated April 1, 2019 and April 3, 2019. The first check plainly appears to have cleared pre-petition. "The date on which a check delivered prepetition is honored rather than the date of the delivery of the check is the date of transfer for section 549 purposes." 5 *Collier on Bankruptcy* ¶ 549.04[2] (16th ed. 2022). The Trustee has shown nothing to explain why the $5,000.00 check dated April 1, 2019 should be considered a post-petition transaction. Even though unopposed by Martin, the exhibits and affidavit he submitted are unhelpful and unpersuasive on that point. The April 3, 2019 check appears to have cleared the day of filing. Although Martin has not argued otherwise, the Court has a duty to ensure that it only grants judgment as a matter of law when the uncontroverted facts demonstrate judgment is appropriate. Here, it is unclear whether the $5,000.00 check dated April 3, 2019 cleared before or after the filing of the petition. The Court cannot determine from the filings, therefore, whether this is a pre-petition or post-petition transaction.

All of the transfers appear to have come from the Debtor's checking account, which was property of the estate. Thus, with the exception of the $5,000.00 checks dated April 1, 2019 and April 3, 2019, the requirements of Section 549 are met as to the post-petition transfers. The Court will grant partial summary judgment in the amount of $32,072.76 ($42,072.76 - $10,000.00) against Martin, and pursuant to 11 U.S.C. Section 550, award a judgment against Martin in that amount. The trial will go forward on June 23, 2022 on the unresolved issues pertaining to the April 1 and April 3, 2019 checks as well as the Trustee's requests for pre- and post-judgment interest and the Trustee's reasonable fees and costs.

An appropriate Order will issue.